JESSICA R. PERRY (STATE BAR NO. 209321)
JULIA C. RIECHERT (STATE BAR NO. 254078)
ALLISON RIECHERT GIESE (STATE BAR NO. 267533)
ALEXANDRA PAVLIDAKIS (STATE BAR NO. 267895)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401
jperry@orrick.com
jriechert@orrick.com
agiese@orrick.com

Attorneys for Defendant
BANANA REPUBLIC, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PEREZ, individually, and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANANA REPUBLIC, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,, <br><br> Defendants. | Case No. 14-cv-01132-JCS <br><br> **DEFENDANT BANANA REPUBLIC, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT UNDER FLSA, OR STAY THE PROCEEDINGS; MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT THEREOF** <br><br> Date:      June 20, 2014 <br> Time:     9:30 a.m. <br> Dept:      Courtroom G – 15th Floor <br> Judge:    Hon. Joseph C. Spero |

OHSUSA:757707105.1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

**TABLE OF CONTENTS**
(continued)

Page

v.    Whether the Federal Plaintiff is Engaged in Forum Shopping or Seeking to Avoid Adverse State Court Rulings: Plaintiff is Both Engaging in Forum Shopping and Attempting to Hedge His Bets Should the *Guzman* Class Fail to Obtain Certification ........................................................... 21

C.    The Court Should Dismiss This Action as to Plaintiff *Perez* and the California-based Employees Under its Inherent Authority to Avoid Duplicative Litigation ......................................................................... 21

D.    In the Alternative, the Court Should Stay This Action Pending the U.S. Supreme Court's Decision in *Integrity Staffing Solutions v. Busk*........................ 22

E.    The Court Should Strike Plaintiff's Reference to "DOE" Defendants ................. 24

IV.    CONCLUSION ............................................................................................................ 24

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alvarez v. IBP, Inc.*,
  339 F.3d 894 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005) ........................11, 13

*American Int'l Underwriters v. The Continental Ins. Co.*,
  843 F.2d 1253 (9th Cir. 1988)....................................................................................20

*Anderson v. Blockbuster, Inc.*,
  2010 U.S. Dist. LEXIS 53854 (E.D. Cal. 2010) ....................................................9, 10

*Anderson v. Dist. Bd.*,
  77 F.3d 364 (11th Cir. 1996)........................................................................................15

*Anderson v. Purdue Farms, Inc.*,
  604 F. Supp. 2d 1339 (M.D. Ala. 2009) ......................................................................15

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ......................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................. *passim*

*Big Lagoon Rancheria v. California*,
  2012 U.S. Dist. LEXIS 12225 (N.D. Cal. 2012)..........................................................24

*Bonilla v. Baker Concrete Constr., Inc.*,
  487 F.3d 1340 (11th Cir. 2007) *cert. denied*, 552 U.S. 1077 (2007)..........................14

*Buckheit v. Dennis*,
  713 F. Supp. 2d 910 (N.D. Cal. 2010) .........................................................................25

*Ceja-Corona v. CVS Pharm., Inc.*,
  2013 U.S. Dist. LEXIS 90805 (E.D. Cal. 2013) ....................................................14, 15

*Clark v. Lacy*,
  376 F.3d 682 (7th Cir. 2004).........................................................................................17

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)............................................................................................. *passim*

*Crawford v. Griffin Bell*,
  599 F.2d 890 (9th Cir. 1979)....................................................................................1, 22

*De Asencio v. Tyson Foods, Inc.*,
  500 F.3d 361 (3d Cir. 2007)..........................................................................................14

*Deleon v. Warner Cable LLC*,
    2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009)..................................................................9

*Fireman's Fund Ins. Co. v. Quackenbush*,
    87 F.3d 290 (9th Cir. 1996)...................................................................................................22

*Gintz v. Jack in the Box, Inc.*,
    2006 U.S. Dist. LEXIS 88987 (N.D. Cal. 2006)............................................................16, 19

*Good v. Prudential Ins. Co. of America*,
    5 F. Supp. 2d 804 (N.D. Cal. 1998) .....................................................................................24

*Gorman v. Consol. Edison Corp.*,
    488 F.3d 586 (2d Cir. 2007) ) .............................................................................................14

*In re Graphics Processing Units Antitrust Litig.*,
    2007 WL 2127577 (N.D. Cal. 2007)......................................................................................6

*Graziose v. Am. Home Prod. Corp.*,
    202 F.R.D. 638 (D. Nev. 2001)............................................................................................25

*Gutierrez v. Aaron's Inc.*,
    2010 U.S. Dist. LEXIS 126828 (E.D. Cal. 2010) .................................................................9

*Harding v. Time Warner, Inc.*,
    2009 U.S. Dist. LEXIS 72851 (S.D. Cal. 2009) ...................................................................8

*Harris v. City of Oakland Police Dep't.*,
    2013 U.S. Dist. LEXIS 171205 (N.D. Cal. 2013)................................................................25

*IBP, Inc. v. Alvarez*,
    546 U.S. 21 (2005) ........................................................................................................11, 13

*Integrity Staffing Solutions, Inc. v. Busk*,
    2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014).............................................................. *passim*

*Jerzak v. City of South Bend*,
    996 F. Supp. 840 (N.D. Ind. 1988).....................................................................................12

*Jones v. Casey's Gen. Stores*,
    538 F. Supp. 2d 1094 (S.D. Iowa 2008)................................................................................8

*Koval v. Pacific Bell Telephone Company*,
    2012 U.S. Dist. LEXIS 113196 (N.D. Cal. 2012)..................................................... *passim*

*Landis v. North American Co.*,
    299 U.S. 248 (1934)......................................................................................................1, 23

*Leyva v. Cert. Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979)...............................................................................................24

*Lindow v. United States*,
    738 F.2d 1057 (9th Cir. 1984)..................................................................12

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
    416 F.3d 940 (9th Cir. 2005).....................................................................5

*Martel v. Cadjew*,
    2011 U.S. Dist. LEXIS 106575 (E.D. Cal. 2011) ......................................25

*Mendez v. H.J. Heinz Co., L.P.*,
    2012 U.S. Dist. LEXIS 170785 (C.D. Cal. 2012)................................8, 10

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)..............................................................................16, 20

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989)....................................................... *passim*

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001)......................................................................5

*Ortiz v. Sodexho Operations, LLC*,
    2010 U.S. Dist. LEXIS 145170 (C.D. Cal. 2010)......................................6

*Ovieda v. Sodexo Operations, LLC*,
    2012 U.S. Dist. LEXIS 173844 (C.D. Cal. 2012)....................................10

*Pryor v. Aerotek Scientific, LLC*,
    2011 U.S. Dist. LEXIS 155080 (C.D. Cal. 2011)...........................9, 10, 11

*Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.*,
    896 F. Supp. 973 (N.D. Cal. 1995) .........................................................22

*Sleiman v. DHL Express*,
    2009 U.S. Dist. LEXIS 35812 (E.D. Pa. 2009)........................................15

*Steiner v. Mitchell*,
    350 U.S. 247 (1956)................................................................................11

*Tackitt v. Superior Court*,
    2013 U.S. Dist. LEXIS 160507 (E.D. Cal. 2013) ....................................20

*Teamsters Local No. 175 & 505 Pension Trust Fund v. IBP, Inc.*,
    123 F. Supp. 2d 514 (D.S.D. 2000).........................................................17

*Vess v. Bank of Am., N.A.*,
    2012 U.S. Dist. LEXIS 4484 (S.D. Cal. 2012) ........................................25

*Villacres v. ABM Industries Inc.*,
    189 Cal. App. 4th 562 (2010)..................................................................18

**State Cases**

*Arias v. Superior Court*,
    46 Cal.4th 969 (2009) ............................................................................18

*Hernandez v. City of Pomona*,
    46 Cal.4th 501 (2009) ............................................................................18

**Statutes**

29 U.S.C. § 254 ............................................................................11, 23

Fair Labor Standards Act, 29 U.S.C. § 206 ............................................7, 8

Fair Labor Standards Act, 29 U.S.C. § 207 ............................................7, 8

**Other Authorities**

29 C.F.R. § 785.16 ............................................................................13

29 C.F.R. § 785.17 ............................................................................13

29 C.F.R. § 790.7(g) ............................................................................11

29 C.F.R. § 790.8(c) ............................................................................12

Federal Rule of Civil Procedure 8 ............................................................6

Federal Rule of Civil Procedure 12(b)(6) ............................................1, 2, 5, 15

Federal Rule of Civil Procedure Rule 12(e) ............................................1, 15

Federal Rule of Civil Procedure Rule 12(f) ............................................1, 25

U.S. Dept. of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009) ..................14

## NOTICE OF MOTION AND MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF NICK PEREZ AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 20, 2014 at 9:30 a.m., or as soon thereafter as the matter may be heard, before Magistrate Judge Joseph C. Spero, United States District Court, Northern District of California, Defendant Banana Republic, LLC ("BR") will and hereby does move for an order dismissing Plaintiff Nick Perez's First Amended Collective Action Complaint under FLSA ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative for a more definite statement under Rule 12(e).  Should the Court not dismiss Plaintiff's FAC entirely, BR moves for an order dismissing or staying all of Plaintiff's claims on behalf of himself and California-based collective action members pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and/or the Court's inherent authority to avoid duplicative litigation.  *See Crawford v. Griffin Bell*, 599 F.2d 890 (9th Cir. 1979).  Alternatively, BR requests that the Court stay Plaintiff's bag check-related claims pending the U.S. Supreme Court's decision in *Integrity Staffing Solutions v. Busk*.  *See Landis v. North American Co.*, 299 U.S. 248 (1934).  Lastly, BR moves for an order striking the improperly pled DOE defendants from Plaintiff's FAC pursuant to Rule 12(f).

Plaintiff's FAC fails to meet the pleading standard established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Specifically, the FAC is comprised of formulaic recitations of legal allegations and conclusory assertions of liability, but is devoid of the facts required to show an entitlement to relief.  Should the Court not dismiss the FAC entirely, the Court should dismiss or stay all of Plaintiff's claims on behalf of himself and collective action members in California pursuant to *Colorado River* or the Court's inherent authority to avoid duplicative litigation. BR is currently defending against Plaintiff and his counsel in another pending case that asserts the identical issues on behalf of California employees in state court.  Alternatively, BR requests that the Court stay Plaintiff's bag check-related claims pending the U.S. Supreme Court's decision in *Integrity Staffing Solutions v. Busk*, as the outcome of that case will directly impact Plaintiff's

1

1    claims.  Lastly, BR requests that the Court strike allegations regarding DOE defendants as

2    improper because there is no provision in the FRCP permitting the use of fictitious defendants.

3         This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

4    and Authorities in support thereof, the Declaration of Jessica Perry in support thereof, any reply

5    brief filed in support of this motion, the papers on file in this action, oral argument at the hearing,

6    and any other matters that the Court may properly consider.

7         **MEMORANDUM OF POINTS AND AUTHORITIES**

8    **I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

9         Plaintiff's FAC suffers from multiple defects that compel its dismissal or a stay of this

10   action.  Although this is Plaintiff's second opportunity to plead adequate allegations, he once

11   again fails to plead sufficient facts to state a cause of action under Rule 12(b)(6).  Plaintiff's new

12   allegations are entirely speculative, extremely broad, and fail to support his claims.

13        Rather than pleading facts demonstrating that BR actually violated Sections 206 and 207

14   of the Fair Labor Standards Act, he simply added "the examples of Defendants' policies and

15   practices that have sometimes deprived Plaintiff and Nationwide Collective Class" of overtime

16   and minimum wages, like the purported policy that BR "require[s] Plaintiff and the Nationwide

17   Collective Class members to perform several tasks prior to clocking in, such as locating and

18   opening secured lockers, putting away their personal belongings, putting on their name badges,

19   locating, testing, sanitizing, and putting on a walkie talkie, and obtaining fitting room keys."

20   FAC ¶¶ 21(b), 22(b).  He does not, however, allege that these purported "policies and practices"

21   actually applied to him (or the collective action members), that he followed any of the policies or

22   practices, or that he actually performed any of these activities.  Without any facts that these

23   purported policies <u>actually resulted</u> in unpaid overtime and minimum wages, Plaintiff's FAC fails

24   to meet the requirements of *Iqbal* and *Twombly* and does not state a plausible claim for relief.

25   Additionally, any time spent on at least three of the activities Plaintiff alleges to support his FAC

26   is not compensable time under the FLSA and therefore it cannot form the basis for Plaintiff's

27   unpaid overtime and minimum wage claims.  Thus, the FAC must be dismissed for failure to state

28   a plausible claim for relief.  Alternatively, the Court should require that Plaintiff provide a more

1  definite statement because his FAC is so vague that BR is unable to reasonably frame a

2  responsive pleading.

3        Should the Court not dismiss the FAC entirely for failure to state a claim, the Court

4  should dismiss or stay all of Plaintiff's claims on behalf of himself and collective action members

5  in California pursuant to *Colorado River* or the Court's inherent authority to avoid duplicative

6  litigation.  BR is currently defending against Plaintiff and his counsel in another pending case that

7  asserts the identical issues on behalf of California employees in state court.  Plaintiff cannot

8  litigate the same issues in two forums simultaneously.  Alternatively, BR requests that the Court

9  stay Plaintiff's bag check-related claims pending the United State Supreme Court's decision in

10  *Integrity Staffing Solutions v. Busk*, as the outcome of that case will directly impact Plaintiff's

11  claims.  Lastly, BR requests that the Court strike the improperly pled DOE defendants.

12  **II.**      **STATEMENT OF RELEVANT FACTS**

13        **A.**  **The Parallel, First Filed *Guzman* State Court Action.**

14        On July 12, 2012, Plaintiff Erick Guzman filed a class action complaint against BR (the

15  "*Guzman* Action") entitled *Erick Guzman v. Banana Republic, LLC*, Case No. BC488069.  The

16  *Guzman* Action is currently pending in Los Angeles County Superior Court.  *See* Declaration of

17  Jessica Perry in support of Defendant's Motion to Dismiss FAC ("Perry Decl.") ¶ 2, Exh. A.

18        The *Guzman* Action alleges claims for unpaid overtime and minimum wages, unpaid meal

19  and rest period premiums, untimely wages and final wages, non-compliant wage statements,

20  failure to keep requisite payroll records, unreimbursed business expenses, and engaging in unfair

21  business practices.  *Id*. Exh. A.  The class includes "All current and former hourly-paid or non-

22  exempt California-based (i.e., currently 'residing' in California and current Citizens of the State

23  of California) employees who worked for [Banana Republic, LLC] within the State of California

24  at Defendants' Banana Republic retail or factory outlet stores at any time during the period from

25  four years preceding the filing of this Complaint to final judgment." *Id.* Exh. A at ¶ 13.

26        After Guzman filed his complaint, he engaged in extensive discovery and

27  investigation.  Perry Decl. ¶ 3.  He propounded four sets of requests for production, special

28  interrogatories and form interrogatories and requested the personnel records for 135 putative class

OHSUSA: 757707105.1

3

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

1    members. *Id.* Plaintiff also received a sampling of putative class members' payroll records, time

2    records and work schedules. *Id.* In addition, he deposed 13 putative class members, one exempt

3    manager, and two person most qualified witnesses covering 24 topics and issued several

4    subpoenas. *Id.* BR deposed Guzman for three days. *Id.* The parties sent out a privacy notice to

5    putative class members on March 27, 2013 and Guzman received contact information for putative

6    class members who did not opt-out of disclosure on May 3, 2013. *Id.*

7       On September 12, 2013, after over a year of litigating the case and extensive written

8    discovery and depositions, BR filed an affirmative Motion to Deny Class Certification or in the

9    Alternative Strike Class Allegations. *Id.* at ¶ 4. After missing his opposition deadline, Plaintiff

10    gave notice that he intended to file a Motion for Class Certification, and in December 2013, the

11    court entered a briefing scheduled for both motions. *Id.* Plaintiff filed his Motion for Class

12    Certification on February 24, 2014. *Id.* Both parties filed applicable oppositions on April 18,

13    2014 and each party filed its reply on May 2, 2014, with the hearing on both motions currently set

14    for May 16, 2014. *Id.*

15       Plaintiff Perez is a putative class member in the *Guzman* Action. And he is in fact an

16    active participant in that action, as he submitted a declaration in support of Plaintiff's Motion for

17    Class Certification. *Id.* Exh. B.

18          **B.**   **The Duplicative *Perez* Federal Court Action.**

19       Apparently concerned that certification may be denied in the *Guzman* Action, Plaintiff's

20    counsel attempts to bring the same case again, this time in a different forum, and now on behalf

21    of a nationwide class.[1] Plaintiff Perez seeks to bring a collective action against Banana Republic,

22    LLC on behalf of "All current and former hourly-paid or non-exempt employees employed by

23    any of the Defendants at a 'specialty' or 'factory' (i.e. outlet) 'Banana Republic' store at any time

24

---

25    [1] Counsel here, Edwin Aiwazian of Lawyers *for* Justice, is also suing a Banana Republic-related entity, The Gap, Inc., in San Francisco Superior Court (*Collins v. The Gap, Inc.*, Case No. CGC-

26    12-532831). He and his co-counsel in that action, Kevin Shenkman of Shenkman and Hughes, are apparently teaming up to file parallel federal actions, in addition to simultaneously pursing

27    state actions. Mr. Shenkman filed an action in the Northern District that is virtually identical to the *Collins* Action (*Ino v. The Gap, Inc.*). Mr. Aiwazian then used Mr. Shenkman's *Ino*

28    Complaint (and his FAC) to file this basically identical action. Perry Decl. ¶ 6, Exhs. D, E.

1    during the period from March 11, 2011 to final judgment (the 'Covered Period') and chose to opt-

2    in to this action (the 'Nationwide Collective Class')." FAC ¶ 11.  The *Perez* Action involves

3    substantially the same parties as the *Guzman* Action, seeks recovery on behalf of the class pled in

4    the *Guzman* Action against the same defendant, and involves similar allegations and factual

5    issues.  Both cases involve claims of unpaid overtime and minimum wage compensation.  And

6    both the state and federal cases seek to represent a class of current and former non-exempt

7    employees working in BR specialty or outlet stores in California; the *Perez* Action also seeks to

8    represent current and former non-exempt employees working in BR stores outside of California.

9    **III.    ARGUMENT**

10         **A.   <u>The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim Under FRCP 12(b)(6).</u>**

11         A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro*

12    *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal for failure to state a claim is appropriate

13    where it appears beyond doubt that a plaintiff can prove no set of facts to support his claim for

14    relief.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  A

15    motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim

16    to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

17         *Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency of a

18    complaint when challenged via a motion to dismiss.  First, the Court must accept as true all

19    factual allegations, but exclude/ignore any "conclusory statements" or "threadbare recitals of the

20    elements."  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555) ("we 'are not bound to

21    accept as true a legal conclusion couched as a factual allegation'").  "[P]leadings that [] are no

22    more than conclusions, are not entitled to the assumption of truth."  *Id.* at 1950.

23         Second, the Court must determine whether the complaint on its face states a plausible

24    claim for relief.  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  "The plausibility

25    standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

26    that a defendant has acted unlawfully."  *Id.*  "Although Rule 8 does not require 'detailed factual

27    allegations,' it demands more than the unadorned 'the-defendant-unlawfully-harmed-me

28

OHSUSA: 757707105.1                                   5                     DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
                                                                           FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
                                                                           STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
                                                                           [CASE NO. 14-CV-01132-JCS]

1  accusation." *Ortiz v. Sodexho Operations, LLC*, 2010 U.S. Dist. LEXIS 145170, *2 (C.D. Cal.

2  2010) *quoting Iqbal*, 129 S.Ct. at 1949.  Where a complaint pleads facts that are "merely

3  consistent with" a defendant's liability, it "stops short of the line between possibility and

4  plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at

5  557).  *Twombly* made clear that it is not proper for a court to assume a plaintiff can prove facts he

6  has not alleged or that a defendant has violated laws in ways not alleged.  *Twombly*, 550 U.S. at

7  563 n.8 (*quoting Associated Gen. Contractors of California, Inc. v. California State Council of*

8  *Carpenters*, 459 U.S. 519, 526 (1983)).  If a plaintiff's allegations do not bring his "claims across

9  the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570.

10      Plaintiff fails to satisfy *Iqbal* and *Twobly*'s requirement that a complaint, on its face, state

11  a plausible claim for relief.  Accordingly, the Court should dismiss his claims.[2]

### 1. Plaintiff's Allegations Are Insufficient Under *Iqbal* and *Twombly* Because He Has Not Stated a Plausible Claim for Relief.

14      The only factual allegations Plaintiff includes in his FAC are entirely speculative,

15  extremely broad, and do not demonstrate any causal connection between his allegations and the

16  supposed failure to provide Plaintiff and the putative collective action members overtime or

17  minimum wages.  Plaintiff's factual allegations are based on information and belief, and are

18  limited to a list of "illegal and improper wage and hour policies and practices" in which BR

19  purportedly engaged.[3]  FAC ¶¶ 21-22.  The "examples of Defendants' policies and practices" are:

20  a)  "requiring Plaintiff and the Nationwide Collective Class members to wait and undergo
21      off-the-clock bag and/or coat checks when they exit the store for any meal break and
       when they exit the store after the clock out at the end of their shifts;" (FAC ¶¶ 21(a),
22      22(a))

---

23  [2] Dismissal for failure to meet the *Twombly* standard is especially vital for cases, like this one, in
24  which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-
    conscious defendants to settle even anemic cases."  *Twombly*, 550 U.S. at 559, 560 n. 6;  *see also*
25  *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, *23 (N.D. Cal. 2007)
    (allowing discovery prior to determining sufficiency of allegations in cases involving burdensome
26  discovery would "defeat one of the rationales of *Twombly*.").

27  [3] Plaintiff pleads only the first four allegations to support for first cause of action for Violation of
    Fair Labor Standards Act, 29 U.S.C. § 207 (Unpaid Overtime).  FAC ¶¶ 21(a)-(d).  He pleads all
28  six to support his second cause of action for Violation of Fair Labor Standards Act, 29 U.S.C. §
    206 (Unpaid Minimum Wages).  FAC ¶¶ 22(a)-(f).

b) "require[ing] Plaintiff and the Nationwide Collective Class members to perform several tasks prior to clocking in, such as locating and opening secured lockers, putting away their personal belongings, putting on their name badges, locating, testing, sanitizing, and putting on a walkie talkie, and obtaining fitting room keys;"  (FAC ¶¶ 21(b), 22(b))

c) "requiring at least two employees to open a store.  When Plaintiff and the Nationwide Collective Class members arrive on time for their opening shifts, but the second employee has not yet arrived, Plaintiff and the Nationwide Collective Class have  to wait outside the store off-the-clock until that second employee arrives;" (FAC ¶¶ 21(c), 22(c))

d) "requir[ing] all employees to complete any assignment that would service the customer and achieve efficient store operation.  These policies and practices require and/or pressure Plaintiff and the Nationwide Collective Class members to treat customers and related job duties as their top priority, and service customers before [they have] clocked in for their shifts, while they are clocked out for their meal breaks, and/or after they clocked out at the end of their shifts;" (FAC ¶¶ 21(d), 22(d))

e) "requiring Plaintiff and the Nationwide Collective Class members to retrieve and review their schedules on their personal smart phones or personal computers if they are not in the store when the schedule is posted;" (FAC ¶ 22(e)) and

f) "requiring Plaintiff and the Nationwide Collective Class members to sometimes be scheduled on-call.  When Plaintiff and the Nationwide Collective Class members were and/or scheduled on-call, they must call the store two hours prior to the start of the potential shift to determine if they are needed for the shift." (FAC ¶ 22 (f)).

Nowhere, however, does Plaintiff allege that he or the putative class _actually_ complied with these purported requirements and/or _actually_ performed any of these activities.  He does not allege, for example, that he (or the collective action members) ever brought a bag to work and had to undergo a bag check; brought personal belongings to work, had to locate a locker, and then place those belongings in the locker; wore a name badge; used a walkie talkie; needed a fitting room key; worked an opening shift; had to wait for a second employee to arrive after the shift had already begun when working an opening shift; serviced customers while not being clocked in; reviewed a schedule on a phone or computer; and/or was scheduled for an on-call shift.

Rather than notifying BR of _how_ it allegedly violated Sections 206 and 207 of the FLSA – or that any violations of Sections 206 and/or 207 _actually occurred_ – these allegations merely put BR on notice that certain alleged wage and hour practices _may_ have resulted in violations of law. Simply alleging that BR "engaged" in certain "policies and practices" is insufficient.  FAC ¶¶ 21, 22; _see e.g. Jones v. Casey's Gen. Stores_, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008)

1  (following allegations insufficient: "Through its actions, policies and practices, Defendant

2  violated the FLSA minimum wage and overtime pay requirements by regularly and repeatedly

3  failing to compensate Plaintiffs and similarly situated individuals for all hours actually worked.").

4       Even if BR did "engage" in the alleged unspecified "policies and practices," this fact

5  would merely be consistent with a failure to provide overtime or minimum wages – but, without

6  additional facts, these allegations do not make it "plausible" that BR actually failed to provide

7  overtime or minimum wages. *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557)

8  (merely pleading facts consistent with defendants' liability stops short of plausibility). The fact

9  that an employer has a policy requiring a bag check, or requiring any personal items be in a

10  locker, or that an employee obtain a schedule to show up to work, does not, on its own, entitle an

11  employee to overtime. Rather, Plaintiff must allege that he and the putative collective action

12  members <u>actually performed</u> these duties, allege the approximate hours worked for which wages

13  were not received, indicate the applicable rate of pay, and allege the amount of overtime or

14  minimum wages due. *See e.g. Mendez v. H.J. Heinz Co., L.P.*, 2012 U.S. Dist. LEXIS 170785,

15  *12 (C.D. Cal. 2012) ("to survive a motion to dismiss, the complaint must also approximate the

16  number of overtime hours worked per week in excess of forty for which the plaintiff did not

17  receive overtime pay."); *Harding v. Time Warner, Inc.*, 2009 U.S. Dist. LEXIS 72851, *9 (S.D.

18  Cal. 2009) ("[W]here the plaintiff alleges violations of the FLSA's minimum wage provision, the

19  complaint should, at least approximately, allege the hours worked for which these wages were not

20  received…Plaintiff's Amended Complaint provides only generic, conclusory assertions of a right

21  to relief under the FLSA minimum wage provisions.") (*quoting Jones*, 538 F. Supp. 2d at 1102).

22  Here, not only does Plaintiff fail to allege that he actually performed any of the activities listed in

23  the FAC, he also fails to provide any specific information regarding how many hours he actually

24  worked; whether he recorded or reported any of the time he spent actually performing any of the

25  above activities, if any; or whether he was paid for some or none of the time he spent actually

26  performing any of the above activities, if any.

27       Legal conclusions with limited factual allegations like these do not demonstrate a

28  "plausible" claim. *Gutierrez v. Aaron's Inc.*, 2010 U.S. Dist. LEXIS 126828, *8-9 (E.D. Cal.

OHSUSA: 757707105.1

8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

2010) ("With only a legal conclusion and limited factual allegations supporting the claim, Plaintiff has merely alleged a suspicion of a right to relief.  He has not nudged his claim across the line from conceivable to plausible."); *see also Anderson v. Blockbuster, Inc.*, 2010 U.S. Dist. LEXIS 53854, *3 (E.D. Cal. 2010) ("These conclusory allegations do not meet minimum pleading requirements. Plaintiff fails to state when or how defendant failed to pay the required wages.  Without more, such legal conclusions do not suffice."); *Deleon v. Warner Cable LLC*, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009).

Indeed, courts have dismissed complaints including far more robust allegations than those alleged here.  For example, in *Pryor v. Aerotek Scientific, LLC*, 2011 U.S. Dist. LEXIS 155080 (C.D. Cal. 2011), the plaintiff brought a class action against her employer for failure to pay overtime wages, among other claims, alleging that her employer had a written policy that required employees to report to work "at least 10 minutes and as much as 20 minutes prior to their official start times in order to perform their pre-shift work activities." *Id.* at *5-6.  She alleged that her employer failed to pay overtime compensation due to employees for their pre-shift activities, that the pre-shift activities were done before the regular 8 hour shift, and that employees "were only being paid for the time from the official start time onwards, but not from the time employees actually started working in accordance with [the employer's] instructions." *Id.* at *5-7, n. 20. Plaintiff attached the relevant employer policies to her amended complaint. *Id.* at *7.

The *Pryor* court dismissed the complaint because "[s]uch conclusory allegations are insufficient to satisfy the pleading standard established in *Twombly* and *Iqbal*." *Id.* at *7 n. 20. Although the complaint alleged that the employer required employees to arrive early and employees were not compensated for pre-shift time, the complaint failed to include "any allegation that [plaintiff] in fact arrived ten to twenty minutes before her shift to perform pre-shift duties" and thus her complaint only contained "the type of 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements' that *Iqbal* rejected." *Id.* at *6, 9 ("complaint shows that it implies, but does not specifically plead, key factual allegations").

Likewise, in dismissing the plaintiff's class action complaint in *Ovieda v. Sodexo Operations, LLC*, 2012 U.S. Dist. LEXIS 173844 (C.D. Cal. 2012), the court held the following

allegations too "bare-bones" and "devoid of sufficient factual enhancement" to allow the court "to draw the reasonable inference that Defendant is liable for the misconduct alleged": (i) plaintiff was not provided timely meal and rest periods because she had a "heavy work load" and feared reprimand, (ii) she was not allowed to leave the work area during her 30-minute lunch break unless she told supervisors exactly where she was going and when she would return, and (iii) she worked off-the-clock to finish her duties to avoid performance warnings since overtime was discouraged by management." *Ovieda*, 2012 U.S. Dist. LEXIS 173844 at *8-9. The court noted the complaint failed to plead, among other things, "any factual detail to show what policies and practices Defendants used to manage employees with [plaintiff's] job duties (and whether those policies and practices were company-wide or unique to Plaintiff's job site)." *Id.* at *10; *see also Anderson*, 2010 U.S. Dist. LEXIS 53854 at *3 (allegations that plaintiff and class "consistently worked in excess of eight hours a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and defendants "willfully failed to pay all overtime" insufficient); *Mendez*, 2012 U.S. Dist. LEXIS 170785 at *12 (dismissing complaint because "other than conclusorily stating that Defendants failed to compensate Plaintiff 'for work performed in excess of forty hours in a workweek,' Plaintiff has not alleged sufficient facts that plausibly suggest that Plaintiff in fact worked over forty hours in a week and how often he worked over forty hours in a week.").

The allegations in *Pryor* and *Ovieda* are more comprehensive than Plaintiff's, yet were nonetheless dismissed for failure to state a plausible claim. As in *Pryor*, instead of "specifically alleging that she worked [] hours for which she was not compensated, [Plaintiff] asks the court to *infer* from the general allegations found in the first amended complaint that she complied with [BR's alleged] policy." *Pryor*, 2011 U.S. Dist. LEXIS 155080 at *12. But pursuant to *Twombly* and *Iqbal*, "the court is not at liberty to do so." *Id.* at *12. Because Plaintiff's allegations do not state a plausible claim for relief, his FAC must be dismissed.

### 2. Any Time Spent on the Alleged Activities is Not Compensable under the FLSA.

Even assuming Plaintiff's conclusory allegations are true, any time spent on the alleged activities is not compensable time under the FLSA. The FLSA, as amended by the Portal-to-

OHSUSA: 757707105.1

10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

1  Portal Act of 1947, generally precludes compensation for activities that are "preliminary" or

2  "postliminary" to an employee's "principal activities." 29 U.S.C. § 254(a). It is only when

3  preliminary and postliminary activities are "integral and indispensable" to an employee's

4  principal activities that they become compensable. *Steiner v. Mitchell*, 350 U.S. 247 (1956). To

5  be "integral and indispensable," an activity must be (1) "necessary to the principal work

6  performed" and (2) "done for the benefit of the employer." *Alvarez v. IBP, Inc.*, 339 F.3d 894,

7  902-03 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005); 29 C.F.R. § 790.7(g)

8  (activities like "checking in and out and waiting in line to do so, changing clothes, washing up or

9  showering, and waiting in line to receive pay checks" not compensable under the FLSA if

10 "performed under the conditions normally present."). And just because an activity may be

11 necessary does not mean that it is integral or indispensable. "[T]he fact that certain preshift

12 activities are necessary for employees to engage in their principal activities does not mean that

13 those preshift activities are 'integral and indispensable' to a 'principal activity.'" *IBP, Inc. v.*

14 *Alvarez*, 546 U.S. 21, 40-41 (2005) (internal citations omitted).

15       Plaintiff bases his FAC on activities that fall squarely outside the definition of "integral

16 and indispensable" and are thus non-compensable. Because time spent on these activities is non-

17 compensable, the time cannot form the basis for Plaintiff's unpaid overtime and minimum wage

18 claims and thus his FAC must be dismissed for failure to state a claim.

19                    **i.  Time Spent Locating and Opening Secured Lockers and**
                          **Putting Away Personal Belongings is Not Compensable.**
20

21       Plaintiff has alleged no facts, nor could he, that BR requires its employees bring their

22 personal belongings to work to store in a locker. The act of using a locker is not necessary, or

23 even related, to the principal work performed, nor is it done for the benefit of the employer.

24 Instead, it is clearly a personal choice to bring one's personal belongings into the worksite and it

25 is only to the benefit and for the convenience of the employee that BR provides secure storage for

26 such personal belongings. *See e.g.* 29 C.F.R. 790.8(c) ("if [the activity] is merely a convenience

27 to the employee and not directly related to his principal activities, it would be considered as a

28 'preliminary' or 'postliminary' activity rather than a principal part of the activity."); *Jerzak v.*

1    *City of South Bend*, 996 F. Supp. 840, 848 (N.D. Ind. 1988) ("Activities are classified as

2    preliminary or postliminary only if they are 'undertaken for [the employees'] own convenience,

3    not being required by the employer and not being necessary for the performance of their duties

4    for the employer.'") (*quoting Dunlop v. City Elec., Inc.*, 527 F.2d 394, 398 (5th Cir. 1976);

5    *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984) (pre-shift work preliminary because

6    done for employee's own convenience).  Accordingly, this allegation cannot serve as the basis for

7    Plaintiff's unpaid overtime and minimum wage claims.

        **ii.  Time Spent Retrieving and Reviewing Schedules is Not Compensable.**

8

9         The time an employee spends retrieving and reviewing his or her schedule is also not

10    compensable time.  Retrieving and reviewing a schedule is not "integral and indispensable" to an

11    employee's principal work duties: stocking or selling BR merchandise.  The schedule merely tells

12    the employee when to show up to work; it has nothing to do with the job duties themselves.

13    Although reviewing a schedule may be arguably necessary, the analysis is not whether a certain

14    activity is necessary or required, but rather, whether it is integral to the principal job duties that

15    the employee is employed to perform.  *IBP, Inc.*, 546 U.S. at 40 ("fact that certain preshift

16    activities are necessary for employees to engage in their principal activities does not mean that

17    those preshift activities are integral and indispensable to a principal activity.").  In *IBP, Inc.*, for

18    example, the Supreme Court held that "time spent waiting to don" protective clothing before a

19    shift "comfortably qualif[ied]" as non-compensable, even though employees necessarily had to do

20    so to perform their jobs.  *Id.* at 40-41.  Thus, Plaintiff's allegation that he and the collective

21    action members should be compensated for retrieving and reviewing schedules cannot serve as

22    the basis for his unpaid minimum wage claim.

        **iii.  On-Call Time is Not Compensable Where, As Here, Employees are Able to Use the On-Call Time For Their Own Purposes.**

23

24

25         Plaintiff alleges that time spent on-call is compensable because employees are required to

26    call the store two hours prior to the start of their potential shift to determine if they are needed,

27    and could not accept other employment.  FAC ¶ 22(f).  But this does not make such time

28    compensable under the FLSA.  29 C.F.R. § 785.17 ("An employee who is required to remain on

1   call on the employer's premises or so close thereto that he cannot use the time effectively for his
2   own purposes is working while 'on call'. <u>An employee who is not required to remain on the</u>
3   <u>employer's premises but is merely required to leave word at his home or with company officials</u>
4   <u>where he may be reached is not working while on call</u>."); 29 C.F.R. § 785.16 ("Periods during
5   which an employee is completely relieved from duty and which are long enough to enable him to
6   use the time effectively for his own purposes are not hours worked.").

7          Plaintiff does not allege that he and the other putative collective action members were
8   required to remain on BR's premises or so close thereto that they were unable to use the time
9   effectively for their own purposes. In fact, his allegations admit the opposite is true – employees
10  can be two hours away when they called to determine <u>if</u> they need to work, and are advised <u>two</u>
11  <u>hours in advance</u> that they are free to use the on-call time for other purposes. The Department of
12  Labor recently found that a <u>more restrictive</u> on-call requirement did not result in compensable
13  time. *See* U.S. Dept. of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009). There, on-
14  call employees were expected to respond within 45-60 minutes of receiving an emergency call,
15  and the travel time to a required location was approximately 5-20 minutes. *Id.* Noting that
16  "[w]hether on-call time constitutes hours worked depends upon the employee's ability to use the
17  on-call time for his or her own purposes," the DOL found that these requirements were "not so
18  restrictive as to constitute hours worked," and therefore the employer did "not need to
19  compensate employees while on call." *Id.* This time is thus not compensable under the FLSA
20  and cannot serve as the basis for Plaintiff's unpaid minimum wage claim.

21              **iv.   Plaintiff Fails to Demonstrate that Undergoing a Bag Check is a**
22                    **Compensable, Integral, and Indispensable Activity.**

23         Plaintiff alleges that BR had policies and practices requiring putative collective action
24  members "to wait and undergo off-the-clock bag and/or coat checks when they exit the store for
25  any meal break and when they exit the store after the clock out at the end of their shifts." FAC ¶¶
26  21(a), 22(a). He does not, however, plead any facts suggesting that submitting to these checks
27  was either necessary to the work performed or done for BR's benefit – factors he is must show to
28  demonstrate that this activity is "integral and indispensable" and thus compensable. "The Ninth

13

Circuit defines 'integral and indispensable' to mean 'necessary to the principal work performed and done for the benefit of the employer.'" *Ceja-Corona v. CVS Pharm., Inc.*, 2013 U.S. Dist. LEXIS 90805 (E.D. Cal. 2013) (*quoting Bamonte v. City of Mesa*, 598 F.3d 1217, 1225 (9th Cir. 2010)) (dismissing bag check claim because plaintiff failed to plead that employer benefited from security checks). Because Plaintiff fails to allege that submitting to bag checks was an integral and indispensable activity for which he should be compensated, this claim must be dismissed.

Further, even had Plaintiff adequately pled this claim, it must still be dismissed. The great weight of federal authority holds that time spent in a security screening or bag check is not compensable time. *See e.g. Gorman v. Consol. Edison Corp.*, 488 F.3d 586 (2d Cir. 2007) *cert. denied*, 553 U.S. 1093 (2008) (power plant); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1344-45 (11th Cir. 2007) *cert. denied*, 552 U.S. 1077 (2007) (airport); *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 364 n.5 (3d Cir. 2007); *Ceja-Corona*, 2013 U.S. Dist. LEXIS 90805 (distribution center); *Anderson v. Purdue Farms, Inc.*, 604 F. Supp. 2d 1339, 1359 (M.D. Ala. 2009) (food-processing plant); *and Sleiman v. DHL Express*, 2009 U.S. Dist. LEXIS 35812, *7-12 (E.D. Pa. 2009) (mail-sorting center). The Supreme Court recently accepted this issue for review. *Integrity Staffing Solutions, Inc. v. Busk*, 2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014). Consequently, time spent waiting for and undergoing a bag or coat check is not compensable time and therefore cannot serve as the basis for Plaintiff's unpaid overtime and minimum wage claims.

### 3. Alternatively, the Court Should Require a More Definite Statement.

Under Rule 12(e), the Court has broad discretion to order Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous" that BR "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). An order for a more definite statement serves the Court's and the parties' interests because "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd.*, 77 F.3d 364, 367 (11th Cir. 1996) (holding trial court should have instructed plaintiff's counsel to provide more definite statement). Should this Court determine that a motion to dismiss is not warranted, it should order a more definite statement from Plaintiff

OHSUSA: 757707105.1

14

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

1     to address the above issues.

2          **B.**   **The *Colorado River* Doctrine Compels Dismissal or a Stay of This Action As**
            **to Plaintiff Perez and California-based Employees:  Plaintiff Has No Basis for**
3             **Proceeding with Virtually Identical Class Claims in Federal Court.**

4         Should the Court not dismiss Plaintiff's FAC for failure to state a claim under Rule

5     12(b)(6), BR requests that the Court dismiss or stay this action as to Plaintiff Perez and the

6     California-based employees pursuant to the *Colorado River* doctrine.  Under the *Colorado River*

7     doctrine, a federal court may dismiss a federal action to avoid duplicative litigation where a

8     parallel action is pending in state court.  *Colorado River Water Conservation Dist. v. United*

9     *States*, 424 U.S. 800, 817 (1976) (federal courts are empowered to dismiss a federal action "in

10    situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal

11    courts or by state and federal courts.").  The doctrine "rest[s] on considerations of 'wise judicial

12    administration, giving regard to conservation of judicial resources and comprehensive disposition

13    of litigation."  *Id*, quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183

14    (1952); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15

15    (1983).  Dismissal is appropriate under *Colorado River* where (i) a "parallel" state court

16    proceeding is pending, and (ii) the balance of non-exclusive factors weigh in favor of abstention.

17    *Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989).

18         The California employees' claims should be dismissed pursuant to *Colorado River*

19    because the *Perez* Action, at least with regard to the California-based employees' claims, bears all

20    the hallmarks of the "vexatious" and "reactive nature" that courts should consider in deciding

21    whether to defer to a parallel state litigation.  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 17

22    n.20.  It is apparent that Plaintiff – or rather, his counsel – brought this redundant action as a way

23    to hedge his bets should the *Guzman* Action be denied class certification.[4]

24

25

26 _____

[4] In fact, it appears that Plaintiff Perez is using the *Guzman* Action as a back door to obtain
27    discovery in this action.  Of the 7 General Manager declarations BR recently submitted in
     support of its Opposition to Plaintiff's Motion for Class Certification, Plaintiff Guzman noticed
28    the deposition of only one – Perez's general manager.  Perry Decl. ¶ 5.

**2. The State Court Action and This Action are "Parallel Proceedings."**

The *Colorado River* doctrine does not require that the two actions be identical or exactly parallel; rather, "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash*, 882 F.3d at 1416 ("exact parallelism…is not required.'""). "The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Gintz v. Jack in the Box, Inc.*, 2006 U.S. Dist. LEXIS 88987, *8-9 (N.D. Cal. 2006).

Even the fact that two proceedings cover different claims and different class periods, and involve different representative plaintiffs and different class members does not preclude a finding that the cases are substantially similar. *See e.g. Gintz*, 2006 U.S. Dist. LEXIS 88987 at *11-12 (substantially similarity even though federal action cited violations of statutes not included in the state action because "both actions allege the same factual conditions and all of the claims involve the central factual issue of whether or not JIB denied meal and rest period breaks to non-exempt night shift workers, resulting in damages for work that was performed 'off the clock.'"); *Koval v. Pacific Bell Telephone Company*, 2012 U.S. Dist. LEXIS 113196, *10 (N.D. Cal. 2012) (FLSA collective action substantially similar to state case because "crux" of both was "whether or not Pacific Bell denied meal and rest period breaks to field personnel within California, resulting in damages of payment for work performed during those periods.").

Here, the *Guzman* Action and the *Perez* Action are more than "substantially similar." The *Perez* Action seeks recovery on behalf of the class pled in the *Guzman* Action, against the same defendant, and involves substantially similar allegations and factual issues. Both the state and federal action seek to represent a class of current and former non-exempt employees working in Banana Republic specialty and outlet stores.[5]  Perez is an actively participating putative class

---

[5] The Guzman class definition is: "All current and former hourly-paid or non-exempt California-based (i.e., currently 'residing' in California and current Citizens of the State of California) employees who worked for [Banana Republic, LLC] within the State of California at Defendants' Banana Republic retail or factory outlet stores at any time during the period from four years preceding the filing of this Complaint to final judgment."  Perry Decl. Exh. A.  The Perez class definition is: "All current and former hourly-paid or non-exempt employees employed by any of Defendants at a 'specialty' (i.e. outlet) 'Banana Republic' store at any time during the period from March 11, 2011 to final judgment (the 'Covered Period') and chose to opt-in to this action (the 'Nationwide Collective Class')."  FAC ¶ 11.

16

1    member in the *Guzman* Action, and both the state and federal actions were brought on behalf of

2    individuals employed by Banana Republic, LLC who were allegedly not provided proper

3    overtime and minimum wages.  Because the parties' interests in the disputes are virtually

4    identical, the plaintiffs in both actions are considered "substantially the same for purposes of

5    *Colorado River*."  *See Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (quotations omitted)

6    (federal and state derivative plaintiffs substantially same parties because "formal symmetry"

7    between the two actions not required); *Teamsters Local No. 175 & 505 Pension Trust Fund v.*

8    *IBP, Inc.*, 123 F. Supp. 2d 514, 517 (D.S.D. 2000) (federal and state suits parallel under *Colorado*

9    *River* where federal plaintiff appeared to be a class member in the state proceeding even though

10   not a named plaintiff in state suit and class had not yet been certified).

11          The cases also involve nearly identical allegations and factual issues.  In fact, Guzman

12   based his Motion for Class Certification on the <u>identical</u> bag check (Cert. Motion III.A.3),

13   personal belongings (Cert. Motion III.A.2), two employees required to open a store (Cert. Motion

14   III.A.1), customer service as priority (Cert. Motion III.A.5), scheduling (Cert. Motion III.A.7),

15   and on-call (Cert. Motion III.A.7) purported policies as Perez.  Perry Decl. Exh. C [*Guzman Cert*

16   *Motion*].  Both the state and federal action involve claims of unpaid overtime and minimum wage

17   compensation.  The two claims raised in the *Perez* Action have analogous state law-based claims

18   proceeding in the *Guzman* Action; the relief sought in this action is merely a subset of the broader

19   array of relief sought in the *Guzman* Action.  "We should be particularly reluctant to find that the

20   actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state

21   litigation." *Nakash*, 882 F.3d at 1417.  Indeed, the allegations and claims in the state action and

22   the present action are so similar that, were the *Guzman* class to be certified, any judgment or

23   settlement in that action would trigger *res judicata* or collateral estoppels preclusion over the

24   claims raised in the *Perez* Action for the California members of the *Perez* putative class.[6]

---

25   [6] The doctrine of *res judicata* applies "if (1) the decision in the prior proceeding is final and on the
26   merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3)
     the parties in the present proceeding or parties in privity with them were parties to the prior
27   proceeding." *Villacres v. ABM Industries Inc.*, 189 Cal. App. 4th 562, 577 (2010).  First, any
     ultimate judgment in the *Guzman* Action, including any settlement, would be a final decision, on
28   the merits.  *Id.* at 577.  Second, the *Guzman* and *Perez* Actions are sufficiently similar. *See id.* at
     583-84 ("If the matter raised in the subsequent suit was within the *scope* of the prior action,

1    Further, Plaintiff's counsel is the same in the *Guzman* and *Perez* Actions and the class

2   periods for the state action and the present action overlap substantially.  *See e.g. Koval*, 2012 U.S.

3   Dist. LEXIS 113196 at *10 (substantial similarity where, among other things, same parties and

4   attorneys appeared in both actions, class definitions were virtually identical, and class periods

5   overlapped).  For all of these reasons, the *Guzman* Action and the *Perez* Action are substantially

6   similar, parallel proceedings.

7    **3.  The *Colorado River* Factors Weigh in Favor of Dismissal or a Stay.**

8    Once the Court determines that the proceedings are parallel, it engages in a multi-factor

9   balancing test, where no single factor is determinative.  *Colorado River*, 424 U.S. at 818-19 ("No

10   one factor is necessarily determinative; a carefully considered judgment taking into account both

11   the obligation to exercise jurisdiction and the combination of factors counseling against that

12   exercise is required.").  The factors are: (1) whether either court has assumed jurisdiction over

13   property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding

14   piecemeal litigation; (4) the order in which the concurrent forums obtained jurisdiction; (5)

15   whether state or federal law provides the rule of decision on the merits; (6) whether the state

16   proceeding is adequate to protect the parties' rights; and (7) whether the federal plaintiff is

17   engaged in forum shopping or seeking to avoid adverse state court rulings.  *Koval*, 2012 U.S.

18   Dist. LEXIS 113196 at *8-9.  These factors "are to be applied in a pragmatic and flexible way, as

19   part of a balancing process" to determine whether a stay of the federal proceedings would further

20   the underlying purpose of judicial economy.  *Nakash*, 882 F.2d at 1415.

21

22

23   related to the *subject matter* and *relevant* to the issues, so that it *could* have been raised, the
    judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise

24   urged.").  Lastly, the class members are in privity with one another.  *See id.* at 591-92 (unnamed
    class member in earlier class action, which settled and was dismissed with prejudice, bound by

25   settlement and thus *res judicata* doctrine applied to preclude his later claims based on same set
    of facts); *see also Arias v. Superior Court*, 46 Cal.4th 969, 984 n. 6 (2009).  The requirements

26   for the doctrine of collateral estoppel to apply are substantially similar.  *See Hernandez v. City of
    Pomona*, 46 Cal.4th 501, 511 (2009) (applies where: (1) issue to be precluded identical to one

27   presented in prior proceeding, (2) issue actually litigated, (3) issue necessarily decided, (4)
    decision final and on merits, and (5) party against whom doctrine asserted was party or in privity

28   with party in prior proceeding).

1    As neither the state actions nor this federal action involve a *res*, the first factor is not

2    pertinent.  Similarly, as both forums are equally convenient, the second factor is also irrelevant.

3    *Gintz*, 2006 U.S. Dist. LEXIS 88987 at *13 ("when there is no *res* in the control of either court

4    and the forums are equally convenient those factors become irrelevant to the analysis."); *Nakash*,

5    882 F.2d at 1415 n.6.  The remaining factors all support dismissal of the California putative class.

6           **i.      Avoiding Piecemeal Litigation: Litigating the *Perez* Action
                       While the State Action Proceeds Would Undeniably Result in
7                      Piecemeal Litigation and Waste Judicial Resources.**

8           Simultaneously litigating this case and the state action is inefficient and a waste of judicial

9    resources.  Allowing the *Perez* Action to continue would undeniably result in piecemeal

10   litigation, as this Court would be adjudicating the <u>same</u> issues and analyzing the <u>same</u> allegations

11   as the *Guzman* court is currently reviewing.  *American Int'l Underwriters v. The Continental Ins.*

12   *Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals

13   consider the same issue, thereby duplicating efforts and possibly reaching different results.").  If

14   the California-based employees' claims are litigated in both this Court and the state court

15   simultaneously, there will be substantial duplication and potentially inconsistent rulings.

16          Moreover, should the *Guzman* action be certified, any subsequent judgment or settlement

17   would bar the *Perez* Action, to some degree, per the doctrines of *res judicata* and/or collateral

18   estoppel.  *See* n. 6.  *Tackitt v. Superior Court*, 2013 U.S. Dist. LEXIS 160507, * 13 (E.D. Cal.

19   2013) (*res judicata*/claim preclusion effect "weighs in favor of a stay or dismissal, considering

20   one of the court's resources will be 'wasted' in the sense that the action that reaches judgment on

21   the merits first will foreclose further prosecution of the other action.").  Accordingly, this factor

22   "strongly favors" a dismissal or stay.  *Koval*, 2012 U.S. Dist. LEXIS 113196 at 13.

23          **ii.     Order in Which the Concurrent Forums Obtained
                       Jurisdiction: The State Action Has Progressed Much Farther
24                     Than the *Perez* Action.**

25          In evaluating this factor, the Court should look to "how much progress has been made in

26   the two actions."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21.  At this point, the *Guzman*

27   Action has progressed far beyond this case.  The *Guzman* Action has been litigated for almost two

28   years, and the parties are currently briefing motions related to class certification.  *Nakash*, 882

OHSUSA: 757707105.1

19

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

1    F.2d at 12 (because state court action had progressed "far beyond" federal action, "it would be

2    highly inefficient to allow the federal litigation to proceed").

3          The state court in *Guzman* has invested substantial time and resources in that case.  The

4    parties have appeared for multiple status conferences and informal hearings.  The court has heard

5    and denied Plaintiff's motion to compel further responses to Defendant's production of

6    documents.  Pursuant to the Court-ordered briefing schedule, BR filed a Motion to Deny Class

7    Certification on September 12, 2013, Guzman filed his Motion For Class Certification on

8    February 24, 2014.  Each party opposed the other's motion on April 18, 2014 and submitted

9    replies on May 2, 2014.  The hearing for these motions is currently set for May 16,

10   2014.  Defendant has also filed a motion to quash a deposition subpoena and a motion for

11   protective order or in the alternative, appointing a discovery referee, with both motions currently

12   set to be heard on May 27, 2014.

13         In contrast, thus far, this case is at the pleadings stage and has been pending less than two

14   months.  Accordingly, this factor favors dismissal or a stay.  *See Nakash*, 882 F.2d at 1415.

15          iii.    **Whether State or Federal Law Provides the Rule of Decision**
16                  **on the Merits: The State and Federal Courts Have**
                    **Concurrent Jurisdiction.**

17         Plaintiff raises FLSA claims and therefore federal law provides the rule of decision on the

18   merits.  However, while "the presence of federal-law issues must always be a major consideration

19   weighing against surrender" of federal court jurisdiction, "[i]f the state and federal courts have

20   concurrent jurisdiction over a claim, this factor becomes less significant."  *Nakash*, 882 F.3d at

21   1416; *Koval*, 2012 U.S. Dist. LEXIS 113196 at *14.  With regard to those putative collective

22   action members in California, any resolution of the state law issues will eliminate their federal

23   claims in this case.  Thus, this factor weighs in favor of dismissal or stay.

24          iv.    **Whether the State Proceeding is Adequate to Protect the**
25                  **Parties' Rights: The State Court Proceeding is Adequate and**
                    **Will Properly Adjudicate Plaintiff's Claims.**

26         The state forum will adequately protect Plaintiff Perez's rights, as he is a putative class

27   member in the *Guzman* Action.  Plaintiff Perez asserts the same claims against the same

28   defendant as the state action.  Thus, the interests in the *Perez* Action will be addressed in the

1    more comprehensive *Guzman* Action. *See Nakash*, 882 F.3d at 1417. Any argument that putative

2    collective action members would benefit from participating in this new, copy-cat action with

3    fewer claims for relief (and thus fewer chances for recovery) and encompassing a more narrow

4    class period (March 11, 2011, 2011 rather than July 12, 2008 in *Guzman*) would be flawed.

5       In any event, courts have rejected this very idea that a federal "spin-off" of a more

6    comprehensive state court proceeding should be permitted to continue. *See e.g. Silvaco Data*

7    *Systems, Inc. v. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 978 (N.D. Cal. 1995)

8    ("It makes no sense to try and carve out one aspect of [the parties'] dispute and try it separately,

9    particularly since it is intertwined with the issues involved in the other aspects of their ongoing

10    [state court] war."). Consequently, this factor weighs in favor of dismissal or a stay.

11           **v.**     **Whether the Federal Plaintiff is Engaged in Forum Shopping**
**or Seeking to Avoid Adverse State Court Rulings: Plaintiff is**

12             **Both Engaging in Forum Shopping and Attempting to Hedge**
**His Bets Should the *Guzman* Class Fail to Obtain**

13             **Certification.**

14       The *Perez* Action is a classic example of forum shopping. In an apparent attempt to hedge

15    his bets pending the outcome of the certification motions in *Guzman*, Plaintiff's counsel has

16    decided to seek out a new forum for their claims. This attempt to forum shop weighs "strongly in

17    favor" of abstention. *Nakash*, 882 F.3d at 1417 ("Apparently, after three and one-half years,

18    Nakash has become dissatisfied with the state court and now seeks a new forum for their claims.

19    We have no interest in encouraging this practice."); *see also Fireman's Fund Ins. Co. v.*

20    *Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996) ("The multiple and over-lapping assertions of

21    these challenges in state court, before the Commissioner, and in this court causes this court to

22    question [the insurer's] tactics."); *Koval*, 2012 U.S. Dist. LEXIS 113196 at *16-17 ("[A]llowing a

23    substantially similar federal action to proceed would likely encourage forum shopping.").

24       **C.**    **The Court Should Dismiss This Action as to Plaintiff Perez and the**
**California-based Employees Under its Inherent Authority to Avoid**

25          **Duplicative Litigation.**

26       In addition to properly dismissing this action under *Colorado River*, with regard to the

27    California-based employees, the Court can and should defer to the *Guzman* Action pursuant to the

28    Court's inherent authority to control its docket by dismissing duplicative actions. "A court may

1   choose not to exercise its jurisdiction when another court having jurisdiction over the same matter

2   has entertained it and can achieve the same result." *Crawford v. Griffin Bell*, 599 F.2d 890, 893

3   (9th Cir. 1979) ("increasing calendar congestion in the federal courts makes it imperative to avoid

4   concurrent litigation in more than one forum whenever consistent with the rights of the parties.").

5        As set forth above, the first-filed *Guzman* Action already has jurisdiction over the same

6   putative class of individuals in California as in the present action, and the more narrow claims

7   made and relief sought in this action are fully encompassed by the *Guzman* Action.  Indeed, the

8   *Guzman* Action is a <u>better</u> forum given its broader scope and additional claims.

9        Moreover, the hardship and burden to BR of being forced to litigate the same issues on

10  behalf of the same California putative class members is significant.  Should this action move

11  forward, BR would be forced to undertake duplicative efforts in both cases, resulting in increased

12  discovery costs, attorneys' fees, and other litigation expenses.  Further, BR would face the

13  possibility of inconsistent results in the two cases.  BR should not be forced to defend multiple

14  actions when those actions involve the same claims brought by the same plaintiff's counsel.

15  Lastly, dismissal of this action as to the California putative class would result in the conservation

16  of judicial resource and would be of significant convenience to this Court.  For all of these

17  reasons, the Court should dismiss this action as to the California putative class members.

18        **D.   In the Alternative, the Court Should Stay This Action Pending the U.S.**
           **Supreme Court's Decision in _Integrity Staffing Solutions v. Busk_.**
19

20        Both of Plaintiff Perez's causes of action are premised, in part, on bag check allegations.

21  FAC ¶¶ 21(a), 22(a).  On March 3, 2014, the United States Supreme Court granted *certiorari* in

22  *Integrity Staffing Solutions, Inc. v. Busk* on the following issue: Whether time spent in security

23  screenings is compensable time under the FLSA, as amended by the Portal-to-Portal Act.

24  *Integrity Staffing Solutions, Inc. v. Busk*, 2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014).  As the

25  outcome of that case will directly impact Plaintiff's claims, BR requests that the Court stay this

26  case with respect to Plaintiff's bag check allegations pending resolution of *Integrity Staffing*.

27        The Court has inherent power to stay proceedings if doing so would best serve the causes

28  of judicial economy, minimization of legal expense, and fairness to the litigants.  *Landis v. North*

OHSUSA: 757707105.1

22

1   *American Co.*, 299 U.S. 248, 254-55 (1934) ("power to stay proceedings is incidental to the

2   power inherent in every court to control the disposition of the causes on its docket with economy

3   of time and effort for itself, for counsel, and for litigants"); *Leyva v. Cert. Grocers of Cal., Ltd.*,

4   593 F.2d 857, 863 (9th Cir. 1979) (federal district court has inherent power to stay a case

5   pursuant to its "powers to control its docket and to provide for the prompt and efficient

6   determination of the cases pending before it."); *Good v. Prudential Ins. Co. of America*, 5 F.

7   Supp. 2d 804, 806 (N.D. Cal. 1998) (power to stay proceedings within the Court's discretion).

8         When analyzing whether to issue a stay, a court will look at whether (i) the moving party

9   is likely to succeed on the merits, (ii) the moving party is likely to suffer irreparable harm in the

10  absence of relief, (iii) the balance of equities tips in the moving party's favor, and (iv) a stay is in

11  the public interest.  *Big Lagoon Rancheria v. California*, 2012 U.S. Dist. LEXIS 12225,*13-14

12  (N.D. Cal. 2012).

13        Here, BR is likely to succeed on the merits of Plaintiff's bag check claim.  *See*

14  Section III.A.2.iv.  Further, BR is likely to suffer irreparable harm should the Court not grant a

15  stay.  Plaintiff bases both of his federal causes of action on his allegations that BR had a policy

16  and practice requiring putative collective action members to undergo bag and/or coat checks.

17  FAC ¶¶ 21(a), 22(a).  This is precisely the issue that the Supreme Court is currently considering –

18  whether requiring employees to submit to security screenings qualifies as compensable time

19  under the FLSA.  Requiring that the parties litigate this issue while not knowing whether the law

20  may drastically change will result in irreparable harm to both parties.  It would waste valuable

21  resources and drive up litigation costs.  In the same vein, there would be no harm to Plaintiff and

22  the putative collective action members were this case stayed, and the public interest

23  considerations weigh in favor of a stay as well.  Without a stay, this Court would be required to

24  spend time and resources adjudicating this action while the law remains in flux; the parties would

25  move forward with discovery and motion practice, incurring the costs of litigation and expending

26  resources, and were the Supreme Court to affirm that the time spent in security screenings is not

27  compensable under the FLSA (in line with the weight of authority on this issue), all of the time

28  and resources spent would have been for naught.  For these reasons, the Court should issue a stay.

OHSUSA: 757707105.1

23

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

### E. **The Court Should Strike Plaintiff's Reference to "DOE" Defendants.**

Plaintiff's references and allegations throughout his complaint related to DOE defendants should be stricken. *See* FAC ¶¶ 8-10. A "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad discretion in deciding whether to grant a motion to strike. *Vess v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 4484,*32 (S.D. Cal. 2012) (striking allegations as to Doe defendants).

As a general rule, "Doe pleading is improper in federal court." *Buckheit v. Dennis*, 713 F. Supp. 2d 910, 918 n.4 (N.D. Cal. 2010) (*sua sponte* dismissing Doe defendants in complaint).[7] Indeed, "[t]here is no provision in the Federal rules permitting the use of fictitious defendants." *Id.* And "[t]he use of 'John Doe' to identify a defendant is not favored in the Ninth Circuit." *Harris v. City of Oakland Police Dep't.*, 2013 U.S. Dist. LEXIS 171205, *4 (N.D. Cal. 2013) *citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Thus, the Court should strike all references to DOE defendants in Plaintiff's FAC, including references to DOE defendants in the case caption, the entirety of paragraphs 8-10, and references to each cause of action being brought against "DOES 1 through 10" (FAC 9:20, 12:17).

### IV.    CONCLUSION

For these reasons, BR requests that the Court dismiss Plaintiff's FAC for failure to state a claim, or in the alternative, require a more definite statement. Should the Court not dismiss Plaintiff's FAC, BR requests that the Court dismiss or stay all of Plaintiff Perez and the California-based employees' claims under *Colorado River* or under the Court's inherent authority to avoid duplicative litigation. Alternatively, BR requests that the Court stay Plaintiff's bag

///

///

---

[7] *See also Vess v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 4484 at *32-33 (granting motion to strike allegations regarding Doe defendants as "inappropriate" because "the use of fictitious Doe defendants is not favored in federal court."); *Martel v. Cadjew*, 2011 U.S. Dist. LEXIS 106575, *13-14 (E.D. Cal. 2011) (granting motion to strike references to Doe defendants because "[t]he use of Doe Defendants in federal court is problematic," "ultimately unnecessary," and "inappropriate."); *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings.").

OHSUSA: 757707105.1

24

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]

check claims pending the decision in *Integrity Staffing Solutions v. Busk*.  Lastly, BR requests that the Court strike the improperly pled DOE defendants from Plaintiff's FAC.

Dated: May 5, 2014                                   Orrick, Herrington & Sutcliffe LLP

By:  _____ /s/ Jessica R. Perry _____
                                     JESSICA R. PERRY
                                  Attorneys for Defendant
                                  BANANA REPUBLIC, LLC

OHSUSA: 757707105.1

25

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
FAC OR STAY PROCEEDINGS; MOTION FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE; MPA IN SUPPORT THEREOF
[CASE NO. 14-CV-01132-JCS]