UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PEREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>BANANA REPUBLIC, LLC,<br><br>   Defendant. | Case No. 14-cv-01132-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR STAY**<br><br>**Dkt. No. 16** |

## I. INTRODUCTION

Plaintiff Nick Perez (hereafter, "Perez") filed this collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, (hereafter, "FLSA") against his former employer Banana Republic, LLC (hereafter, "Banana Republic" or "Defendant"). Perez alleges FLSA violations in the form of unpaid overtime and unpaid minimum wages. Defendant filed a Motion to Dismiss Plaintiff's First Amended Collective Action Complaint Under FLSA, or Stay the Proceedings; Motion for a More Definite Statement, and Motion to Strike (hereafter, "Motion"). The Court held a hearing on the Motion on Friday, June 20, 2014 at 9:30 a.m. For the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.[1]

## II. BACKGROUND

### A. The Complaint

Perez was employed at Banana Republic as an hourly paid employee in the cities of San Francisco and Burlingame, California, from 2008 to approximately 2012. First Amended Complaint ("FAC") ¶ 18. Perez asserts allegations on behalf of a Nationwide Collective Class,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

which includes

> [a]ll current and former hourly-paid or non-exempt employees employed by any of the Defendants at a "specialty" or "factory" (i.e., outlet) "Banana Republic store at any time during the period from March 11, 2011 to final judgment (the "Covered Period") and chose to opt in to this action. . . .

*Id.* ¶ 11.

Perez alleges that Defendant's policies and practices required and/or pressured employees to work off-the-clock, depriving them of overtime wages and minimum wage in violation of sections 206 and 207 of the FLSA. *Id.* ¶ 12. Section 206 sets federal minimum wage requirements for non-exempt employees. 29 U.S.C. § 206. Section 207 prohibits employers from requiring a non-exempt employee to work over forty hours per week "unless such employee receives compensation … at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Perez asserts that Defendant's policies and practices violated sections 206 and 207 of the FLSA by requiring him and Nationwide Collective Class members to: (1) wait for and undergo off-the-clock bag and/or coat checks when they exit the store for any meal break and after they clock out at the end of their shifts; (2) put away all personal belongings and perform several tasks prior to clocking in, such as locating and opening lockers, putting away their personal belongings, putting on their name badges, locating, testing, sanitizing, and putting on a walkie talkie, and obtaining fitting room keys; (3) open a store with at least two employees, such that if one is late, the other who arrives on time must wait outside the store, without any compensation for the waiting time; and (4) complete any assignment that would service the customer and achieve efficient store operation before clocking in, after meal breaks, and/or after having clocked out at the end of a shift. FAC ¶ 21.

Perez asserts that two more of Defendant's policies and practices violated section 206 of the FLSA by requiring him and Nationwide Class Members to: (5) retrieve and review schedule on personal smart phones or computers if not in the store when the schedule is posted without compensation; and (6) remain no more than two hours away from Defendants' stores during an "on-call" shift, causing them to "restrict their movements" without compensation for such

1 availability. FAC ¶ 22.

**B.     The *Guzman* Action**

On July 12, 2012, Erick Guzman filed a class action complaint against Banana Republic in the California Superior Court for the County of Los Angeles entitled *Guzman v. Banana Republic, LLC*, No. BC488069 (hereafter, "the *Guzman* action"). Declaration of Jessica Perry ("Perry Decl.") ¶ 2, Exh. A (complaint). In the complaint, Guzman asserts, *inter alia*, several claims under the California Labor Code for unpaid overtime, unpaid meal premiums, unpaid rest period premiums, and unpaid minimum wages. *Id*. Guzman filed claims on behalf of himself and a proposed class that consists of

> [a]ll current and former hourly-paid or non-exempt California based (i.e. currently "residing" in California and current Citizens of the State of California) employees who worked for Defendants within the State of California at Defendants' Banana Republic retail or factory outlet stores at any time during the period from [July 12, 2008] to final judgment.

*Id*. ¶ 13. Perez is a class member of the proposed class in the *Guzman* action. *Id*. ¶ 2.

On September 12, 2013, Banana Republic filed a motion to deny class certification, or in the alternative, strike class allegations. *Id*. ¶ 4. Guzman filed a motion for class certification on February 24, 2014. *Id*. At the hearing before this Court on the instant Motion, the parties represented that the superior court hearing regarding class certification in the *Guzman* action will be held on September 11, 2014. Perez has submitted a declaration dated February 17, 2014 in support of Guzman's Motion for Class Certification. Perry Decl. ¶ 4, Exh. B.

**III.    DISCUSSION**

In the Motion, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the FLSA. In the alternative, Defendant moves for a more definite statement under Rule 12(e), and moves to stay this action pending the U.S. Supreme Court's upcoming decision in *Integrity Staffing Solutions, Inc., v. Busk*. 713 F.3d 525 (9th Cir. 2013), *cert. granted,* 134 S. Ct. 1490 (U.S. Mar. 3, 2014) (No. 13-433). Defendant also moves to dismiss or stay the claims asserted on behalf of the California-based members of the proposed collective class under the *Colorado River* doctrine on the basis that a substantially similar state case is currently pending in the California Superior Court for the County of Los Angeles.

Defendant has also moved to strike the Doe Defendants. These issues are discussed in turn.

### A. MOTION TO DISMISS UNDER RULE 12(b)(6)

#### 1. Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Under Rule 12(b)(6), a court may dismiss a clam that is grouped together with other claims in a single cause of action, without dismissing the entire cause of action. *Hill v. Opus Corp.*, 841 F.Supp.2d 1070, 1082 (C.D. Cal. 2011).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). For a claim to survive a motion to dismiss, "the factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (quotations omitted).

#### 2. Analysis

Defendant contends the entire First Amended Complaint should be dismissed under Rule 12(b)(6) because Perez failed to allege that the policies and practices he describes in the First Amended Complaint applied to him or the collective action members, and therefore, the FLSA claims are not plausible under the principles established in *Twombly* and *Iqbal*. Motion at 6-10. Defendant also contends that some, but not all, of the policies and practices described in the First Amended Complaint are not compensable under the FLSA. Motion at 10-14. These arguments are addressed separately.

##### i. *Whether the FLSA Claims are Plausible*

4

1    Defendant contends that Perez fails to state a plausible claim under the FLSA because he
2    did not explicitly allege that he and the collective class members <u>actually</u> complied with the
3    policies and practices described in the First Amended Complaint, or that any of the alleged
4    activities <u>actually</u> occurred.  For example, while Perez alleges that Defendant required all
5    employees to undergo a bag check prior to leaving work, "[h]e does not allege … that he (or the
6    collective action members) ever brought a bag to work and had to undergo a bag check."  Motion
7    at 7.

8    In support of this argument, Defendant cites the district court's decision in *Pryor v.*
9    *Aerotek*, No. 10-6575, 2011 U.S. Dist. LEXIS 155080 (C.D. Cal. Mar. 14, 2011).  In *Pryor*, the
10   plaintiff alleged that her employer "had a written policy that required employees to arrive at work
11   ten to twenty minutes early so that they could boot up their computers and be ready to answer calls
12   as soon as their shifts began" in violation of California Labor Code § 510, which mandates
13   overtime pay.  *Id*. at *2.  The court dismissed the complaint for failure to plead sufficient facts,
14   reasoning that there was no "allegation that [plaintiff] in fact arrived ten to twenty minutes before
15   her shift to perform pre-shift duties."  *Id*. at *6.  Finding that Pryor asked the court to "*infer* from
16   the general allegations found in the first amended complaint that she complied with Aerotek's
17   policy," the court found the allegations insufficient to satisfy the pleading standards established in
18   *Twombly* and *Iqbal*.  *Id.* at *12 (emphasis in original).

19   This Court respectfully disagrees with the analysis of the *Pryor* court.  There is a
20   difference between requiring sufficient facts to state a plausible claim for relief under the
21   principles established in *Twombly* and *Iqbal*, and requiring a plaintiff to plead such facts in a
22   particular manner.  The essence of Defendant's argument attacks the form of Plaintiff's
23   allegations, rather than the content.  Plaintiff should not be required to undergo the rather
24   meaningless exercise of amending his complaint to allege that he complied with the specific
25   policies, especially when the declaration filed in the *Guzman* action shows that he did.  *See*
26   *generally*, Perry Decl., Exh. B (Declaration of Nick Perez).[2]

27

28   [2] Defendant also contends that Perez "fails to provide any specific information regarding how many hours he actually worked" or "whether he recorded or reported any of the time he spent

5

### ii. *Whether Certain Activities Alleged in the Complaint are Not Compensable under the FLSA*

Defendant argues that certain activities, which Plaintiff alleges to have undertaken pursuant to Banana Republic's policies, are not compensable under the FLSA as matter of law. Specifically, Defendant argues that Banana Republic did not violate the FLSA by allegedly requiring employees to: (1) wait for and undergo off-the-clock bag and/or coat checks when they exit the store for any meal break and after they clock out at the end of their shifts; (2) put all personal belongings in a locker prior to clocking in; (5) retrieve and review schedules on personal smart phones or computers if not in the store when the schedule is posted without compensation; and, (6) remain no more than two hours away from Defendants' stores during an "on-call" shift, causing them to "restrict their movements" without compensation for such availability. FAC ¶ 22.

Defendant seems to move to dismiss the entire First Amended Complaint on the basis that the activities alleged are not compensable under the FLSA. Defendant does not, however, specifically challenge the third and fourth policies alleged to violate the FLSA, that Banana Republic requires non-exempt employees to: (3) open a store with at least two employees, such that if one is late, the other who arrives on time must wait outside the store, without any compensation for the waiting time; and (4) complete any assignment that would service the customer and achieve efficient store operation before clocking in, after meal breaks, and/or after having clocked out at the end of a shift. *See* FAC ¶¶ 21(c)-(d), 22(c)-(d). Nor does Defendant challenge the entirety of the second policy alleged to violate the FLSA, as Defendant does not address the alleged policy requiring employees to put on name badges and locate, test and sanitize walkie talkies prior to clocking in. *See* FAC ¶¶ 21(b), 22(b). Thus, even if Defendant is correct that certain activities are not compensable under the FLSA, the First Amended Complaint as a whole will not be dismissed on this basis because Defendant has not specifically challenged all of the alleged policies and activities.

---

actually performing any of the above activities, if any…." Motion at 8. Defendant is correct, but "nothing requires [Perez] to specifically plead the dates and times when he worked overtime." *Muan v. Vitug*, No. 13-331 PSG, 2013 WL 2403596, at *2 (N.D. Cal. May 31, 2013).

1    The FLSA, as amended by the Portal-to-Portal Act of 1947, states that employers generally need not compensate employees for time spent on activities that are "preliminary" and "postliminary" to an employee's "principal activities." 29 U.S.C. § 254(a). The Portal-to-Portal Act provides that non-compensable activities include:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are *preliminary to or postliminary to* said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a) (emphasis added). "The words 'preliminary activity' mean an activity engaged in by an employee before the commencement of his 'principal' activity or activities, and the words 'postliminary activity' means an activity engaged in by an employee after the completion of his 'principal' activity or activities." 29 C.F.R. § 790.7(b).

The Supreme Court has created an exception to the rule that preliminary and postliminary activities are not compensable. *See Steiner v. Mitchell*, 350 U.S. 247 (1956). "Preliminary and postliminary activities are still compensable under the Portal-to-Portal Act if they are '*integral and indispensable*' to an employee's principal activities." *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 530 (9th Cir. 2013) (quoting *Steiner*, 350 U.S. at 249). The Ninth Circuit has held that "[t]o be 'integral and indispensable,' an activity must be (1) 'necessary to the principal work performed' and (2) 'done for the benefit of the employer.'" *Busk*, 713 F.3d at 530 (quoting *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902-03 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21, 126 S.Ct. 514 (2005)). The question in each case is "context specific." *Alvarez*, 339 F.3d at 902. A compensable activity must also constitute "work," which is defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." *Alvarez*, 339 F.3d at 902. With these principles in mind, the Court turns to Defendant's four specific arguments.

### a.   Policy #1: Bag Checks

Perez seeks compensation for time spent in bag checks upon leaving the store after

7

1  clocking out for a break or at the end of a shift. FAC ¶¶ 21, 22. In *Busk*, the Ninth Circuit
2  reversed the district court's dismissal of a FLSA claim based on allegations that workers at an
3  Amazon.com warehouse facility were required to undergo security screenings intended to prevent
4  employee theft, where "[e]mployees waited up to 25 minutes to be searched; removed their
5  wallets, keys and belts; and passed through metal detectors." *Busk*, 713 F.3d at 527, 530-31.
6  Because the plaintiffs had alleged that security screenings were required by the employer and
7  intended to prevent employee theft, the court held that "[a]s alleged, the security clearances were
8  necessary to the employees' primary work as warehouse employees and done for Integrity's
9  benefit." *Id.* at 531; *but see Gorman v. Consolidated Edison Corp.*, 488 F.3d 586 (2d Cir. 2007);
10 *Bonilla v. Baker Concrete Construction Inc.*, 487 F.3d 1340 (11th Cir. 2007)).

11 Here, as in *Busk*, the employer requires bag checks to prevent employee theft of store
12 merchandise. *See* FAC ¶¶ 21(a), 22(a).³ Perez, like the plaintiffs in *Busk*, alleges that employees
13 are required to wait for and undergo a bag check "only on their way out of work, not when the
14 enter." *Busk*, 713 F.3d at 531; *see* FAC ¶¶ 21(a), 22(a) (alleging that Defendant requires
15 employees "to wait and undergo off-the-clock bag and/or coat checks when they exit the store for
16 any mean break and when the exit the store after they clock out at the end of their shifts."). Thus,
17 under the precedent set forth in *Busk*, Plaintiff has sufficiently alleged that the bag checks "were
18 necessary to the employees' primary work as [Banana Republic] employees and done for [Banana
19 Republic's] benefit." *Id.* at 531.

20                          b. <u>Policy #2: Placing Personal Items in Lockers</u>

21 Defendant contends that time spent locating and opening secured lockers and putting away
22 personal items is not compensable under the FLSA. Because employees are not required to bring
23 personal items to work, Defendants argue that the provision of lockers is a mere convenience
24 provided to employees, and not compensable under the FLSA. In response, Perez points to
25 allegations in the First Amended Complaint that Banana Republic *forbids* employees from

---

[3] While Perez does not explicitly allege that employees must undergo a back check to prevent employee theft of store merchandise, *cf. Busk*, 713 F.3d at 530-31, the only reasonable inference is that prevention of theft is at least one purpose of the check.

carrying their personal belongings with them during their shift, and *requires* employees to put all personal items in their lockers. *See* FAC ¶¶ 21(b), 22(b).

Placing personal items in lockers is not a required task merely because Banana Republic forbids employees from carrying personal items to work. Employees are often prohibited from having their personal items alongside them during work hours. Nonetheless, Perez cites no case to have held that employees should be compensated for the time they spend putting away their personal items. Should employees choose to bring personal items to work, Banana Republic provides them with lockers as a convenience. *See* 29 C.F.R. § 790.8 ("if [the activity] is merely a convenience to the employee and not directly related to his principal activities, it would be considered as a 'preliminary' or 'postliminary' activity rather than a principal part of the activity."); *see also Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984) (finding certain time non-compensable because "[e]mployees who report early to relieve outgoing employees before the end of their shifts do so for their own convenience rather than for the company's benefit.").

The Court also agrees with Defendant that putting personal items away in lockers does not constitute "work," which is defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." *Alvarez*, 339 F.3d at 902. The act of locating, opening and placing personal items in lockers is not "controlled or required" by Banana Republic because employees are not required to bring personal items to work. Moreover, because the lockers are provided as a convenience to the employees, this is not an activity that is "pursued necessarily and primarily for the benefit of the employer." *Alvarez*, 339 F.3d at 902.

        c. Policy #5: Reviewing Schedules when Not at Work

Perez alleges that Banana Republic violates the FLSA by requiring employees to retrieve and review their schedules on personal smart phones or computers if not in the store when the schedule is posted, and by not compensating employees for that time. *See* FAC ¶ 22(e). Defendant contends that time spent retrieving and reviewing schedules is not "integral and indispensable" because it is not "necessary *to the principal work* performed…." *Alvarez*, 339 F.3d

9

1   at 902-03 (emphasis added).  Defendant notes that a schedule merely tells the employee when to
2   show up to work, but has nothing to do with the principal job duties themselves.
3         The Court agrees with Defendant.  Although it is necessary to know one's schedule prior
4   to the time in which one is scheduled to work, "the fact that certain preshift activities are necessary
5   for employees to engage in their principal activities does not mean that those preshift activities are
6   'integral and indispensable' to a 'principal activity' under *Steiner*."  *IBP, Inc. v. Alvarez*, 546 U.S.
7   21, 40-41 (2005) (holding that predonning waiting time, in contrast to actual donning of protective
8   gear, is not integral and indispensable to the principal activity).  For example, the Portal-to-Portal
9   Act explicitly provides that time spent "walking, riding, or traveling to and from the actual place
10  of performance of the principal activity" is not compensable under the FLSA.  29 U.S.C. § 254(a).
11  Travel to and from work is necessary, but it is not "integral and indispensable" to the "principal
12  activity" performed once at work.  The same can be said for retrieving and reviewing one's
13  schedule.  While retrieving and reviewing one's schedule is a necessary preliminary activity, it is
14  not integral and indispensable to the principal activity performed once at work.

### d.  Policy #6: "On-call" Shifts

16  Perez alleges that Defendant violates the FLSA by requiring employees working an "on-
17  call" shift to remain no more than two hours away from their place of work, causing them to
18  "restrict their movements" without compensation for such availability.  FAC ¶ 22(f).  Whether on-
19  call time constitutes hours worked depends on the employee's ability to effectively use the time
20  for his or her own purposes.  Under 29 C.F.R. § 785.17,

> [a]n employee who is required to remain on call on the employer's premises or so close thereto that he *cannot use the time effectively for his own purposes* is working while "on call".  An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

25  29 C.F.R. § 785.17.  Plaintiff has not alleged that the time spent "on-call" could not be used
26  "effectively for his own purposes," but rather only that his movements were "restricted" while
27  working on-call.  *Id*.
28        Moreover, Defendants cite a U.S. Department of Labor Opinion Letter which indicates that

10

employees under even stricter requirements than Perez should not be compensated for their "on-call" shifts. *See, U.S. Dept. of Labor WHD Opinion Letter*, FLSA2009-17 (Jan. 16, 2009).[4] The Opinion Letter discusses emergency workers that must be on-call on a rotating basis, who "are not restricted to any location while on-call, but are expected to respond within 45 to 60 minutes of receiving an emergency call." *Id*. The Department of Labor interprets the FLSA to deem such on-call time non-compensable. *Id*. Because Perez alleges that Banana Republic requires employees to be within a two-hour radius, the Opinion Letter further supports dismissal of these allegations.

\*   \*   \*

As currently pled, the allegations relating to putting items in personal lockers, retrieving and reviewing schedules, and on-call hours cannot support Perez's claims under the FLSA. Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED in part and DENIED in part. Plaintiff will be granted the opportunity to amend.[5]

### B.   MOTION TO STAY PENDING DECISION IN *BUSK*

While some of the allegations supporting Plaintiff's claims are dismissed with leave to amend, several allegations in the First Amended Complaint survive Defendant's Motion to Dismiss. Those surviving include all of the allegations not specifically challenged by Defendant's Motion (discussed in section A.2.ii, *supra*) and the allegation that Defendant violated the FLSA by failing to compensate employees for undergoing bag and coat checks upon leaving the store for a break or at the end of the shift.

On March 3, 2014, the Supreme Court granted *certiorari* in *Busk* on the issue of whether time spent in security screenings is compensable time under the FLSA. *Integrity Staffing Solutions, Inc., v. Busk.* 713 F.3d 525 (9th Cir. 2013), *cert. granted,* 134 S. Ct. 1490 (U.S. Mar. 3,

---

[4] While interpretations of the FLSA contained in Opinion Letters are not entitled to "*Chevron*-style deference," they are "entitled to respect, … but only to the extent that those interpretations have the 'power to persuade.' " *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)).

[5] Defendant's Motion for a More Definite Statement is DENIED. Rule 12(e) motions are "not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." *Griffin v. Cedar Fair, L.P.*, 817 F.Supp.2d 1152, 1154 PSG (N.D. Cal. 2011). In any event, the fact Defendant challenges four of the six policies and practices alleged to violate the FLSA demonstrates that Perez's allegations are not "so vague and ambiguous that [Defendant] cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

1   2014) (No. 13-433). Defendant argues that because Perez has asserted claims related to a question
2   currently pending the Supreme Court, this Court should stay the case until that resolution.
3   Recently, Judge Alsup granted a motion to stay a FLSA claim regarding Apple's bag checks of its
4   employees in retail stores pending Supreme Court decision in *Integrity*, which is expected in the
5   spring of 2015. *Frlekin v. Apple, Inc.*, No. 13-03451 WHA, 2014 WL 2451598, at *4-5 (N.D. Cal.
6   May 30, 2014). Because the Supreme Court's decision in *Busk* may determine whether Plaintiff
7   may base his FLSA claim on a bag check policy, all discovery and motions for conditional
8   certification pertaining to the bag check policy are stayed pending the Supreme Court's decision.

### C. THE *COLORADO RIVER* DOCTRINE

In light of the *Guzman* action pending in California superior court, Defendant moves to dismiss or stay the claims asserted on behalf of the California-based members of the proposed collective class under the *Colorado River* doctrine. "In situations involving the contemporaneous exercise of jurisdiction by different courts over sufficiently parallel actions, a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Gintz v. Jack in the Box, Inc.*, No. 06-02857 CW, 2006 WL 3422222, at *3 (N.D. Cal. Nov 28, 2006) (citing *Colorado River Water Conservation v. United States*, 424 U.S. 800, 817 (1976)).

Defendant finds support for this argument in decisions from this District in which certain claims were stayed when a similar class action was pending in state court. *See e.g., Gintz*, 2006 WL 3422222 at *3; *see, also, Koval v. Pacific Bell Telephone Company*, No. 12-1627 CW, 2012 WL 3283428 (N.D. Cal. Aug. 10, 2012). In *Gintz* and *Koval*, the court found that the federal cases were "substantially similar" to state court cases, which involved predominantly similar factual issues. Here, however, the representative plaintiff, Perez, is not a representative plaintiff in the pending state court action, which distinguishes this case from both *Gintz* and *Koval*. In addition, a stay would only apply to certain members of the proposed collective class, instead of all members of a proposed class. *Cf. Gintz*, 2006 WL 3422222 at *3; *Koval*, 2012 WL 3283428 at *1.

The hearing for the motions on class certification in the *Guzman* action is scheduled for September 11, 2014, just under three months away. Once the superior court decides this motion,

12

there will be greater certainty as to whether the FLSA claims asserted on behalf of the California-based members should be stayed or dismissed pending the *Guzman* action. At this point, however, a stay of the claims asserted by the California-based members of the collective class would be premature. Accordingly, the motion to stay the claims asserted by the California-based members of the collective class is DENIED WITHOUT PREJUDICE.

### D. STRIKING "DOE" DEFENDANTS

Defendant seeks to strike references to "Doe" defendants under Federal Rule of Civil Procedure 12(f). Plaintiff has alleged claims against "Does 1 through 10 . . . agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other." FAC ¶ 9.

A "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). In general, the Court has broad discretion in deciding whether to grant a motion to strike, but Doe pleading is generally disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Cases that have allowed Doe pleading have required more information than Plaintiff has provided. *See, id.* (holding that specifying a job title is sufficient detail to keep "Doe" claims). Here, Defendant notes that as written, some "Doe" may even be potential members of the purported Collective Action. Reply at 10. As Doe defendants are disfavored in federal court, Defendant's Motion to Strike references to Doe defendants is GRANTED.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss under Rule 12(b)(6) is GRANTED in part and DENIED in part. The allegations relating to the placement of personal items in lockers, retrieving and reviewing schedules when not at work, and working "on-call" shifts, are DISMISSED WITH LEAVE TO AMEND. If Plaintiff chooses to file an amended complaint, he must do so within thirty (30) days of the date of this order.

The motion for a more definite statement is DENIED. The motion to stay the bag check allegation pending the Supreme Court's decision in *Busk* is GRANTED. The motion to stay claims asserted on behalf of the California-based members of the proposed collective class under

the *Colorado River* doctrine is DENIED WITHOUT PREJUDICE.  The motion to strike Doe Defendants is GRANTED.

**IT IS SO ORDERED.**

Dated: June 26, 2014

JOSEPH C. SPERO
United States Magistrate Judge

14