1  EDWIN AIWAZIAN (STATE BAR NO. 232943)
   ARBY AIWAZIAN (STATE BAR NO. 269827)
2  JILL J. PARKER (STATE BAR NO. 274230)
   LAWYERS *for* JUSTICE, PC
3  410 West Arden Avenue, Suite 203
   Glendale, California 91203
4  Telephone: (818) 265-1020
   Facsimile: (818) 265-1021
5  edwin@lfjpc.com
   arby@lfjpc.com
6  jill@lfjpc.com

7  Attorneys for Plaintiff
   NICK PEREZ
8
   JESSICA R. PERRY (STATE BAR NO. 209321)
9  JULIA C. RIECHERT (STATE BAR NO. 254078)
   ALLISON RIECHERT GIESE (STATE BAR NO. 267533)
10 ALEXANDRA PAVLIDAKIS (STATE BAR NO. 267895)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
11 1000 Marsh Road
   Menlo Park, California  94025
12 Telephone:    650-614-7400
   Facsimile:    650-614-7401
13 jperry@orrick.com
   jriechert@orrick.com
14 agiese@orrick.com
   apavlidakis@orrick.com
15
   Attorneys for Defendant
16 BANANA REPUBLIC, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PEREZ; individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BANANA REPUBLIC, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:14-cv-01132-JCS<br><br>Honorable Joseph C. Spero<br>Courtroom G – 15th Floor<br><br>**STIPULATION REGARDING DISCOVERY** |

**IT IS HEREBY STIPULATED** by and between Plaintiff Nick Perez ("Plaintiff"), by and through his counsel of record, and Defendant Banana Republic, LLC ("Defendant"), by and through its counsel of record, as follows:

**WHEREAS** on March 11, 2014, Plaintiff filed a collective action complaint against Defendant alleging violations of the Fair Labor Standards Act;

**WHEREAS** on April 18, 2014, Plaintiff filed a first amended collective action complaint alleging unpaid minimum and overtime wages in violation of the Fair Labor Standards Act;

**WHEREAS** Plaintiff seeks to represent all current and former hourly-paid or non-exempt employees employed by Defendant at a "specialty" or "factory" (i.e., outlet) "Banana Republic" store in the United States at any time during the period from March 11, 2011 to final judgment and who choose to opt-in to this action;

**WHEREAS** Erick J. Guzman filed a class action complaint for damages against Defendant on July 12, 2012 in the Superior Court for the County of Los Angeles, case number BC488069 ("the *Guzman* action") alleging violations of the California Labor Code for unpaid overtime, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum wages, final wages not timely paid, wages not timely paid during employment, non-compliant wage statements, failure to keep requisite payroll records, unreimbursed business expenses, and unfair competition in violation of the California Business and Professions Code;

**WHEREAS** on September 11, 2013, Defendant filed a motion to deny class certification in the *Guzman* action on the grounds Plaintiff Guzman cannot meet the elements necessary to certify a class action under California law.

**WHEREAS** on February 24, 2014, Erick J. Guzman filed a motion for class certification pursuant to California Code of Civil Procedure section 382, and seeks certification of a class of all current and former hourly-paid or non-exempt individuals employed by Defendant within the State of California at Banana Republic specialty or factory outlet stores at any time during the period from July 12, 2008 to final judgment;

**WHEREAS** significant discovery has been conducted in the *Guzman* action, including

1

STIPULATION REGARDING DISCOVERY AND [PROPOSED] ORDER

but not limited to the depositions of Defendant's persons most knowledgeable, percipient witnesses, and putative class members; the production of thousands of documents, including but not limited to employee handbooks, job descriptions, attendance policies, scheduling policies, training materials, loss prevention policies, codes of business conduct, etc.

**WHEREAS** both the instant action and the *Guzman* action contain claims against Defendant for failure to pay minimum and overtime wages based on the same factual allegations;

**WHEREAS** the putative class members in the *Guzman* action who are or were employed at Banana Republic stores in the State of California at any time during the period from March 11, 2011 to the present are also alleged to be putative members of the collective class in the *Perez* action;

**WHEREAS** counsel for Plaintiff, Lawyers *for* Justice, PC, is also counsel for the plaintiff in the *Guzman* action;

**WHEREAS** counsel for Defendant, Orrick, Herrington & Sutcliffe LLP is also counsel for Defendant in the *Guzman* action;

**WHEREAS** in the interest of avoiding duplicative discovery and conserving resources in the *Perez* action, the parties wish to use relevant discovery in the *Guzman* action for the *Perez* action.

**IT IS HEREBY STIPULATED** between Plaintiff and Defendant, through their respective attorneys of record as follows:

1. Documents, Testimony, Evidence and Information produced in the *Guzman* action that is relevant to the allegations in the *Perez* action may be used in the prosecution or defense of the *Perez* action. As used herein, "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code sections 250, 255, and 260, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. As used herein, "Testimony" means all depositions, declarations, or other testimony taken or used in the *Guzman* action. As used herein, "Information" means the content of Documents or Testimony.

2. Documents, Testimony, and Information that have been designated as "confidential" by any party in the *Guzman* action may be used in the prosecution or defense of the *Perez* action, but shall retain their "confidential" designation and be subject to the Stipulated Protective Order in the *Perez* action.

3. The parties do not waive their rights to object to the competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any Documents, Testimony or Information produced in the *Guzman* action.

4. Nothing contained in this stipulation will be construed as a waiver of Defendant's argument that prosecution of the *Perez* action and *Guzman* action simultaneously is improper.

Dated: July 31, 2014

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff Nick Perez

Dated: July 31, 2014

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Jessica R. Perry
*Attorneys for* Defendant Banana Republic, LLC

Dated: 8/4/14

IT IS SO ORDERED
Judge Joseph C. Spero